UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL WEBSTER WRIGHT,

Plaintiff,

v.

D. FIELDS, et al.,

Defendants.

No. 2:15-cv-2291-KJM-EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He alleges defendants D. Fields and C. Darling (hereafter "defendants") violated his Eighth Amendment rights by using excessive force against him. ECF No. 1 at 4-5. Defendants move for summary judgment[1] (ECF No. 20) arguing that plaintiff failed to exhaust his administrative remedies prior to filing this action. Plaintiff filed an opposition (ECF No. 42) and defendants submitted a reply (ECF No. 43). After review of the pleadings, it is recommended that defendants' motion be granted.

/////

/////

[1] The motion was filed by defendant Fields (ECF No. 20) and defendant Darling filed a joinder thereto (ECF No. 21). Additionally, the reply to plaintiff's opposition was filed by Fields and Darling filed a joinder to that pleading as well. ECF Nos. 43-44.

**I. Findings and Recommendations Issued July 27, 2016**

On July 27, 2016 the court issued findings and recommendation recommending that this action be dismissed without prejudice due to plaintiff's failure to submit a timely opposition to defendant's motion for summary judgment. ECF No. 24. Those findings were held in abeyance on September 8, 2016 and plaintiff was afforded thirty days to file his opposition to the motion for summary judgment. ECF No. 28. As indicated above, plaintiff has now filed his opposition and, accordingly, the previous findings and recommendations are vacated.

**II. Background**

Plaintiff alleges that on June 21, 2014, while he was incarcerated at California State Prison, Sacramento, he was partaking in unspecified outdoor activities. ECF No. 1 at 4. He was approached by defendants, both of whom were prison security officers, and they ordered him to return to his housing unit due to a "heat activation alert."[2] *Id*. Plaintiff declined and stated that he felt fine. *Id*. Plaintiff alleges that after he declined their orders a second time, the defendants restrained and handcuffed him. *Id*. at 4-5. He claims that he told defendants that a medical condition precluded him from being cuffed with his hands behind his back, but they ignored him and caused him "excruciating pain" during their efforts to restrain him. *Id*. at 5.

Plaintiff's administrative grievance regarding this incident – numbered SAC-14-01829 – was received by prison staff on July 3, 2014. ECF No. 20-4 at 6. The grievance was screened and rejected at the first level of review, with notice of such sent to plaintiff on July 17, 2014. ECF No. 20-5 ¶ 6; ECF No. 20-4 at 15. The rejection was pursuant to California Code of Regulations, Title 15, section 3084.6(b)(9) for the inclusion of unrelated documentation and section 3084.6(b)(7) for the omission of necessary supporting documents. ECF No. 20-4 at 15.

Plaintiff resubmitted the grievance and prison officials received that resubmission on August 4, 2014. ECF No. 20-5 ¶ 7. The allegations against the defendants were processed and denied. *Id*. ¶¶ 7-8; ECF No. 20-4 at 11-12. Plaintiff received the denial on September 23, 2014. ECF No. 20-5 ¶ 8. Plaintiff elected to appeal the denial, but prison officials did not receive his

[2] Plaintiff states that "heat activation alerts" offered heat sensitive inmates the opportunity to return to their housing units whenever temperatures exceed ninety degrees. ECF No. 1 at 4.

appeal until January 9, 2015. *Id.* ¶ 9. The appeal was denied as untimely and plaintiff was instructed that he could not resubmit the cancelled appeal. ECF No. 20-4 at 10. Those instructions did, however, notify him that he could submit a separate appeal challenging the cancellation decision itself. *Id*. Plaintiff did not submit any further appeals related to grievance SAC-14-01829. ECF No. 20-4 at 3, ¶ 5; ECF No. 20-5 ¶ 10.

**III. Legal Standards**

**A. <u>Motion for Summary Judgment</u>**

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment, the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in

question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility. It believes the opposing party's evidence, and draws inferences most favorably for the opposing party. *See Id.* at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

Concurrent with his motion for summary judgment, defendants advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 20-1; *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

/////

/////

**B. <u>Dismissal for Failure to Exhaust Administrative Remedies</u>**

The Prison Litigation Reform Act of 1995 (hereafter "PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA applies to all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), but a prisoner is only required to exhaust those remedies which are "available." *See Booth v. Churner*, 532 U.S. 731, 736 (2001). "To be available, a remedy must be available as a practical matter; it must be capable of use; at hand." *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (citing *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005)) (internal quotations omitted).

Dismissal for failure to exhaust should generally be brought and determined by way of a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Id*. at 1168. Under this rubric, the defendant bears the burden of demonstrating that administrative remedies were available and that the plaintiff did not exhaust those remedies. *Id*. at 1172. If defendant carries this burden, then plaintiff must "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*.

**IV. Analysis**

The pleadings make clear that there is no dispute as to the procedural history of the relevant appeal. The claims against defendants were not fully exhausted in compliance with the administrative procedures of the California Department of Corrections and Rehabilitation. Plaintiff argues that exhaustion should be excused, however, because: (1) prison officials hindered the filing of his first-level appeal; (2) his initial appeal afforded defendants "due notice of federal adjudication"; and (3) he exhausted all administrative remedies that were actually available to him. ECF No. 42 at 2-4. These arguments are unavailing.

There is no question that prison officials ultimately reviewed and denied his excessive force claims against the defendants at the first level. ECF No. 20-4 at 11-12. It is true that plaintiff's first level appeal was initially rejected for procedural reasons (*Id*. at 15), but plaintiff

resubmitted the grievance and a first level decision issued (*Id*. at 11-12). As such, plaintiff cannot convincingly argue that the initial procedural rejection amounted to "stonewalling" or deprived him of the opportunity to fully exhaust administrative remedies. Indeed, plaintiff did appeal that decision, but his second level appeal was untimely. *Id*. at 10; ECF No. 20-5 at 3, ¶ 9. Plaintiff has not offered any excuse for the untimeliness of his appeal. Even if an excuse for this delay were proffered, plaintiff would still have failed to avail himself of available administrative remedies insofar as he declined to challenge the decision to cancel his appeal.[3] Exhaustion required him to do so, because the ability to challenge the cancellation represented an "available" remedy. *See Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.'"). Had his cancellation challenge proved successful, he could have resubmitted his original appeal and secured a final administrative disposition on the merits of his claim.

It is also irrelevant that his initial grievance provided prison officials notice of his intention to file a civil action in federal court. The requirements of the PLRA are clear, and a prisoner cannot circumvent them simply by announcing his intent to file a federal action regardless of the administrative outcome. To hold otherwise would be an express invalidation of the PLRA's stated purpose.

Finally, plaintiff cites *Reyes v. Smith*, 810 F.3d 654 (9th Cir. 2016) in his opposition, but that case is inapposite here. *Reyes* held that "[w]hen prison officials opt not to enforce a procedural rule but instead decide an inmate's grievance on the merits, the purposes of the PLRA exhaustion requirement have been fully served . . ." *Id*. at 658. Prison officials did not decline to enforce any procedural rules here. As noted *supra*, plaintiff's first level appeal was initially rejected on procedural grounds. Then, after it was resubmitted and decided, the second level

---

[3] The second level rejection for untimeliness provided:

> Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. **However, a separate appeal can be filed on the cancellation decision.** The original appeal may only be resubmitted if the appeal on the cancellation is granted.

ECF No. 20-4 at 10 (emphasis added).

appeal was rejected on procedural grounds. Merit decisions were never rendered at the second or third levels of review.

**V. Conclusion**

Accordingly, the July 27, 2016 findings and recommendations (ECF No. 24) are VACATED.

Further, it is hereby RECOMMENDED that defendants' motion for summary judgment (ECF No. 20) be granted and that plaintiff's claims against defendants be dismissed without prejudice for failure to exhaust administrative remedies.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 9, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE